CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others.[1]

(*Circuit Court, E. D. Missouri.* May 1, 1885.)

RECEIVERSHIPS—ATTORNEY'S FEES.

Where, during the pendency of a receivership, counsel for the complainant present claims for professional services for allowance, they will not be allowed the full value of their services, but only a part thereof; and the balance will be allowed to stand until the litigation is disposed of, and the court can see whether or not the property in the receiver's hands will suffice to pay all expenses, and the court will then decide what final allowance should be made.

In the Matter of the Application of Messrs. Green, Burnett & Humphreys, for an allowance for professional services as attorneys for the petitioner in *Wabash & St. L. & P. Ry. Co.* v. *Central Trust Co.* and others.

*Green, Burnett & Humphreys, pro se.*

*Wells H. Blodgett, H. S. Priest,* and *Geo. S. Grover,* for receiver.

BREWER, J., (*orally.*)    It is not because we think the counsel have not earned the amount reported by the master in their favor that we do not sustain this report in full; but we do not believe in the policy or propriety, pending a receivership, of making a large allowance to parties who are employed as officers of the court, or in looking after the interests of clients in that connection.    They should wait until the matter comes to a close, and then their bills, as a whole, should be presented.    The court can then look at them, and pass upon the question as to whether they are correct or not.    It makes a great difference, practically, in the administration of affairs, whether parties present bills for two or three thousand dollars every three or four months, or at the end of the litigation for eight or ten thousand dollars.    We do not mean that counsel shall go without compensation as the case progresses, because they cannot afford to; but still these intermediate allowances will always be small, and will not be in the way of a determination of what the services up to that time are really worth, or what they should be at the final disposition of the case. They will be simply in view of the necessities, so to speak, of counsel pending litigation; and while the master in this case recommends an allowance of $6,000, the order will be that these gentlemen be paid $2,000 on account.    The matter will stand over until we come to the final disposition of the *Wabash Case,* and then all fees and claims will be presented, and it will be seen whether there are funds enough in the Wabash road to pay the expenses.

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.